## *In re* GREENE.

## APPEAL OF GREENE.

1. PARENT AND CHILD—CUSTODY OF MINOR.
   The interests of a minor child whose custody is subject of controversy between mother, on the one side, and father and paternal grandparents, on the other, are of paramount importance.

2. GUARDIAN AND WARD—GRANDPARENTS—APPOINTMENT—EVIDENCE.
   It must be assumed that testimony taken in probate court constituted a sufficient basis for determination that paternal grandparents of minor, rather than the mother, should be appointed as guardians, in the absence of a showing to the contrary.

3. APPEAL AND ERROR—CIRCUIT COURT—PROBATE COURT—DISCRETION OF COURT.
   Circuit court which had acquired jurisdiction of subject matter on appeal from probate court was vested with discretion in the matter of disposing of appellees' motion to dismiss the appeal and also of the appellant's petition for leave to take a delayed appeal (Court Rule No 75, § 4[a], as amended in 1949).

4. SAME—DISMISSAL OF APPEAL—SERVICE OF NOTICE OF APPEAL.
   Circuit court properly dismissed mother's appeal from order of probate court awarding custody of minor child to paternal grandparents, where she had not complied with probate court's order for service of notice of the appeal and made no showing that such service could not be made or that it had been attempted (Court Rule No 75, § 4[a], as amended in 1949).

5. SAME—DISMISSAL OF APPEAL—DELAYED APPEAL—DISCRETION OF COURT.
   Denial of mother's motion to set aside order dismissing her appeal and of her motion for delayed appeal from order awarding

REFERENCES FOR POINTS IN HEADNOTES
[1] 39 Am Jur, Parent and Child § 20.
[2] 25 Am Jur, Guardian and Ward § 48.
[3, 5] 2 Am Jur, Appeal and Error § 144.
[4] 3 Am Jur, Appeal and Error § 739.

custody of 13-year-old son to paternal grandparents was not an abuse of discretion, where circuit court could have considered that she had not refuted testimony as to her unsuitability as a parent, that there was no showing the grandparents were not suitable, that the minor could soon nominate his own guardian, the general circumstances surrounding the child, the parents and the grandparents and the unconvincing showing made by the mother on her petition for delayed appeal.

Appeal from Wayne; Murphy (George B.), J. Submitted June 5, 1953. (Docket No. 48, Calendar No. 45,769.) Decided October 5, 1953.

In the matter of petition for appointment of a guardian for Harry Irwin Greene, a minor. From order appointing guardian, Delia R. Greene attempted appeal to circuit court. Appeal dismissed. Motions to set aside order of dismissal and for belated appeal denied. Delia R. Greene appeals. Affirmed.

*Harry A. Spector* (*John Sklar,* of counsel), for petitioner.

*Davidow & Davidow,* for appellant.

REID, J. Appellant Delia R. Greene, mother of the minor, filed her claim of appeal to this Court, October 21, 1952, from an order of the circuit judge of Wayne county entered July 28, 1952, dismissing her appeal from probate court, and from the order of the circuit judge, October 2, 1952, denying the motion to set aside the order of July 28, 1952, and from an order dated October 2, 1952, denying the motion of said Delia R. Greene for leave to file a delayed appeal (from probate to circuit court).

On May 1, 1952, Irwin H. Greene, father of the minor, filed a petition for the appointment of guardian, among other things alleging his wife Delia R.

Greene, the mother of said minor, to be addicted to excessive use of alcohol and therefore incompetent and unsuitable to have the care, custody and education of said minor. The probate court on this petition and after hearing the testimony of several witnesses, appointed Harry I. Greene and Marie Greene, the father and mother of the petitioner and therefore grandparents of the minor, as the guardians, on June 10, 1952. The mother claims that the court should not have proceeded to appoint the guardians because of the absence of petitioner and her consequent inability to cross-examine him but made no other defense or objection in probate court to the appointment of the grandparents.

On June 18, 1952, Delia R. Greene, the mother and appellant in this case, filed her claim of appeal to the circuit court from the order appointing the grandparents guardians. On the same day, June 18, 1952, the probate judge signed an order directing that notice of the appeal and the hearing thereon be given by registered mail service to Irwin H. Greene (the petitioner and father) and by personal service to Harry I. Greene and Marie Greene (grandparents and guardians). Appellant Delia R. Greene did not make personal service of notice of appeal on the grandparents, guardians, within 20 days after filing her appeal, but within the 20 days after the order did serve the notice on Harry A. Spector, who had theretofore acted as attorney for Irwin H. Greene but is now also the attorney for the grandparents, guardians. Appellant served Irwin H. Greene, her husband, by registered mail within the 20-day period required.*

On July 8, 1952, in circuit court, the grandparents, the guardians (appellees herein), filed a motion to dismiss the appeal from the probate order

---

* See Court Rule No 75, § 2 (1945), as amended in 1949.—Reporter.

appointing them, claiming that the circuit court had no jurisdiction of the subject matter nor over the parties because of appellant Delia R. Greene's failure to conform to the statutes and rules of the court regulating appeals from probate court and because she failed to serve the grandparents guardians in the manner provided in the order of the judge of probate directing service.

On July 24, 1952, the appellant Delia R. Greene filed in circuit court the affidavit of Anne R. Davidow, one of the members of the firm of Davidow & Davidow, attorneys for appellant, in which affiant says, among other things:

"That at the time of perfecting said appeal, the analyst in the office of the probate court, asked this deponent who the attorney was representing the adverse parties in said appeal, and this deponent informed him that the attorney was Harry A. Spector.

"Deponent further says that she thereupon assumed that said attorney was the person upon whom was to be served the notice of filing the claim of appeal, and * * * that Harry A. Spector, the attorney appearing on behalf of Harry I. Greene and Marie Greene, is the same attorney who represented the said parties in the hearing in the probate court."

On July 28, 1952, the circuit court on the motion of Harry Irwin Greene and Marie Greene, the grandparents and guardians, granted an order for the dismissal of the appeal of Delia R. Greene, the mother, which order of dismissal the appellant Delia R. Greene by her attorneys, moved to set aside.

On September 8, 1952, appellant Delia R. Greene petitioned the circuit court for leave to file a delayed appeal from the order of the probate court entered June 10, 1952.

On October 2, 1952, the circuit court denied the motion to set aside the order dismissing the appeal and on the same day, the circuit court entered an

order denying Delia R. Greene's petition for leave to appeal in the nature of filing a delayed appeal, from which 2 orders of October 2, 1952, the appellant took her appeal to this Court.

The minor has no real or personal property. The controversy is solely as to custody, care and education. The interests of the minor are of paramount importance.

In the absence of a showing to the contrary, it must be assumed that the testimony taken in probate court was a sufficient basis for the determination that the grandparents rather than the mother should be appointed as guardians.

No question is raised as to the propriety of the probate court order directing notice of appeal by personal service to the guardians Harry I. Greene and Marie Greene. See CL 1948, § 701.40 (Stat Ann 1943 Rev § 27.3178 [40]).

Court Rule No 75, § 4 (a), as amended in 1949 (applicable only to circuits of population of 500,000 and upwards, which would include Wayne county), provides:

"(a) A claim of appeal in the form hereinafter provided shall be filed with the lower court; and upon such filing, the circuit court shall be deemed vested with jurisdiction of the matter appealed from, and all requirements thereafter shall be deemed directory merely, and no appeal shall thereafter be dismissed without notice to the appellant, but the probate court shall retain jurisdiction of the estate or matter in which the appeal is taken, in all other proceedings."*

The mother (appellant) claims that by reason of the above section 4 (a), the requirement for service as directed by probate court within 20 days of notice of appeal, is merely directory and that on filing a

_____

* See 326 Mich xxxviii.

claim of appeal, jurisdiction immediately vested in the circuit court.

The circuit court having become vested with jurisdiction of the subject matter, was vested with discretion in disposing of appellees' motion to dismiss the appeal and also the appellant mother's petition for leave to take a delayed appeal.

The circuit court properly dismissed appellant's appeal from the probate court order because she had not complied with the probate court's order for service of notice of the appeal. There was no showing that such service could not be made or that such service was attempted.

In considering appellant's petition for leave to take a delayed appeal, the circuit court could have considered:

1. That no showing had been made in probate court contrary to the testimony supporting the father's petition, nor refutation of testimony as to the mother's unsuitability.

2. That there was no showing that the grandparents were unsuitable as against the probate court's finding of their suitability.

3. That the minor was to soon become of the age of 14 years (on June 6, 1953) and would then be entitled by law to nominate his own guardian.

4. The general circumstances surrounding the minor, the father, the mother and the grandparents.

5. That appellant's showing in support of her petition was not convincing.

No sufficient showing exists in this record for a finding that the circuit court abused its discretion in denying the mother's (appellant's) motion to set aside the order dismissing appellant's appeal, or in denying appellant's motion for delayed appeal.

The orders appealed from are affirmed.  Costs to appellees.

Dethmers, C. J., and Adams, Carr, and Sharpe, JJ., concurred with Reid, J.

Butzel and Bushnell, JJ., concurred in the result.

Boyles, J., did not sit.